IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACOB GARDE, # S-08108, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 18-cv-1226-MJR |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| VENERIO SANTOS, | ) |
| JESSICA KNEBEL, | ) |
| and SUSAN WALKER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff, currently incarcerated at Centralia Correctional Center ("Centralia"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants were deliberately indifferent to a serious medical condition. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted

1

if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

## The Complaint

Plaintiff alleges that on February 6, 2018, he injured his knee while playing basketball at Centralia. (Doc. 1, pp. 2-3). He could not walk, and was taken in a wheelchair to the Health Care Unit, where he was given a knee brace, crutches, and Ibuprofen. The injury was bad enough that Plaintiff was housed in the infirmary until a doctor could see him. (Doc. 1, p. 3).

The next day (February 7, 2018), Dr. Garcia saw that Plaintiff's knee was swollen and discolored. He ordered an x-ray, changed/increased Plaintiff's pain medication, extended his stay in the infirmary, and scheduled Plaintiff to see Dr. Santos (medical director). (Doc. 1, p. 3).

On February 13, 2018, Plaintiff saw Dr. Santos and told him that he could not put any weight on the injured knee, which was still swollen and painful. (Doc. 1, p. 4). Santos opined that the injury was merely a knee sprain. He extended Plaintiff's stay in the infirmary and told him to take it easy for 3 weeks for the injury to heal.

On February 20, 2018, Santos examined Plaintiff again and performed several range of motion exercises. Those caused Plaintiff severe pain, and he asked Santos to stop. Santos instructed Plaintiff to perform daily exercises while using crutches. (Doc. 1, p. 4).

Days later, Santos took away Plaintiff's crutches and gave him a cane. Plaintiff's knee was still visibly swollen and bruised. Plaintiff stayed in the infirmary, and reported daily to the nurses that the pain prevented him from walking or doing the prescribed exercises. *Id.*

On February 26, 2018, Santos planned to release Plaintiff because he "looked fine," but then gave Plaintiff one more day in the infirmary after Plaintiff begged for more time because of the pain and continued swelling. (Doc. 1, p. 5).

On March 7, 2018, Dr. Garcia examined Plaintiff and concluded that an MRI was needed for further diagnosis, because Plaintiff's condition had not improved. Garcia forwarded the MRI request to Santos. On March 12, 2018, Plaintiff met with Santos, who agreed that an MRI was required due to Plaintiff's continuing pain and inability to put weight on the knee. Santos forwarded the MRI request to Wexford Health Sources, Inc./Collegial ("Wexford"). (Doc. 1, p. 5).

On March 23, 2018, Santos informed Plaintiff that Wexford denied the MRI request. Plaintiff asked Santos to "go over their head" because he could barely walk, but Santos said he could not. (Doc. 1, pp. 5-6). Santos ordered therapy to help Plaintiff "deal with it." (Doc. 1, p. 6). Walker (grievance officer) denied Plaintiff's emergency grievance over the MRI denial.

(Doc. 1, pp. 6, 13). Walker noted that Plaintiff had been given a physical therapy consultation and would have a follow-up appointment with a doctor, who could then order further testing if it was indicated. (Doc. 1, p. 13).

On April 5, 2018, Plaintiff saw an outside physical therapist, who reported that while the meniscus and several ligaments were intact, Plaintiff could have partial tears and tissue damage. (Doc. 1, p. 6). The therapist said that surgery would be required if Plaintiff planned on a career having "anything to do with athleticism." *Id.* Plaintiff in fact had been studying to become a personal trainer and body-building coach before his incarceration. (Doc. 1, p. 7).

Plaintiff wrote to Knebel (Director of Nurses) seeking help, and she responded that he was scheduled for physical therapy and should submit a sick call request if he continued to have pain. (Doc. 1, pp. 7, 15).

Plaintiff is still walking with a limp. His physical therapy consisted of only a one-day consultation. The knee injury has still not been diagnosed, and he is in severe pain, which has not been relieved by the pain medication he was given or by the physical therapy. Plaintiff asserts that Dr. Santos can appeal the denial of a request for medical testing to the regional medical director, but he chose not to. (Doc. 1, pp. 7-8).

As relief, Plaintiff seeks an order for him to have an MRI and any necessary treatment, as well as compensatory and punitive damages. (Doc. 1, p. 9).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that

is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment deliberate indifference claim against Santos and Knebel, for failing to obtain diagnostic testing for Plaintiff's knee injury, and failing to provide him with treatment for the injury;
>
> **Count 2:** Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc., for failing to provide Plaintiff with diagnostic testing for his knee injury;
>
> **Count 3:** Eighth Amendment deliberate indifference claim against Walker, for denying Plaintiff's grievance seeking diagnosis/treatment for his knee injury.

Count 1 shall proceed against Santos, and Count 2 shall proceed against Wexford. However, Count 3 and the portion of Count 1 against Knebel shall be dismissed for failure to state a claim upon which relief may be granted.

### Count 1 – Deliberate Indifference – Santos & Knebel

Plaintiff's knee injury is a serious medical condition that significantly affects his daily activities, and involves substantial, ongoing pain. It thus satisfies the objective component of an Eighth Amendment claim. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Arguably, Dr. Santos' failure to take any further steps to obtain approval for the MRI he recommended for Plaintiff, as well as Santos' apparent failure to offer any further treatment or testing following the one-time physical therapy consultation, may amount to deliberate indifference to Plaintiff's serious knee condition. *See Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) ("Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk.") (internal citations and quotations omitted). As well, Santos' initial delay before making the MRI referral, while Plaintiff's symptoms persisted for some weeks, could support a deliberate indifference claim. *See Gomez*, 680 F.3d at 865 ("Delaying treatment may constitute deliberate

indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain.") Plaintiff may thus proceed with his Eighth Amendment claim against Santos in Count 1.

Knebel, however, shall be dismissed from this claim without prejudice. According to Plaintiff, he wrote to Knebel on March 30, 2018, requesting her help after the MRI was denied. (Doc. 1, pp. 6, 15). He told Knebel that he was in severe pain and could barely walk. On April 6, 2018, Knebel responded that Plaintiff was scheduled for physical therapy, and could return to sick call if his pain continued. (Doc. 1, p. 7). April 5, 2018, was the date Plaintiff had his physical therapist consultation, so it appears that Knebel would not yet have known the results of that visit. Under those circumstances, Knebel's response reflects her understanding that Plaintiff had been referred for treatment, and left it up to Plaintiff to request a nurse visit if he needed further assistance. This does not reflect deliberate indifference to Plaintiff's condition on Knebel's part. *See Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997) (Eighth Amendment only requires "reasonable measures to meet a substantial risk of serious harm").

**Count 1** shall proceed only against Dr. Santos.

### Count 2 – Deliberate Indifference – Wexford

Wexford Health Sources, Inc., ("Wexford") is a corporation that employs prison medical providers such as Dr. Santos and provides medical care at the prison, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). In Plaintiff's case, he alleges that the MRI which was recommended and requested by Santos was disapproved by the "collegial" representative of

Wexford. Thus, Plaintiff's inability to have that diagnostic test to determine a treatment approach for his serious knee condition was a direct result of the official denial by Wexford. Under these circumstances, Plaintiff's deliberate indifference claim against Wexford in **Count 2** shall proceed.

### Dismissal of Count 3 – Deliberate Indifference – Walker

According to the Complaint, Walker is not a medical provider, but instead was the grievance officer who reviewed and denied Plaintiff's grievance over the denial of his MRI test. Walker's response to the grievance reflected that she obtained information from the medical department showing that Plaintiff was being referred to physical therapy, and would again see a doctor for further evaluation after that consultation was complete. (Doc. 1, p. 13). Given that Plaintiff was in the process of obtaining further evaluation and/or treatment, the denial of his grievance at that time does not amount to deliberate indifference to his condition on Walker's part. In addition, the alleged mishandling or denial of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). For these reasons, the deliberate indifference claim in **Count 3** against Walker shall be dismissed without prejudice.

### Disposition

**COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Defendants **KNEBEL** and **WALKER** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **WEXFORD HEALTH SOURCES, INC.** and **SANTOS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a

Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 11, 2018**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court