UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| JACOB GARDE, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 3:18-cv-1226-NJR-GCS |
| WEXFORD HEALTH SOURCES, INC. and VENERIO SANTOS, | ) |  |
| Defendants. | ) |  |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Jacob Garde alleges that Defendants Wexford Health Sources, Inc. and Venerio Santos have been deliberately indifferent to his knee injury because Defendants failed to provide diagnostic testing and treatment for the injury. Before the Court are three motions filed by Garde: a motion for appointment of counsel (Doc. 28), a motion for medical relief (Doc. 29) and a motion to appoint an expert witness (Doc. 33). For the reasons delineated below, Garde's motions are **DENIED**.

### MOTION FOR APPOINTMENT OF COUNSEL

When presented with a request to appoint counsel, the Court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *See Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). The Court previously determined that Garde satisfied the threshold burden of making a reasonable attempt to recruit counsel on

his own. (Doc. 26). Nonetheless, the Court is not inclined to recruit counsel on his behalf at this time. This case involves straightforward, relatively simple claims against Santos and Wexford, and it is in its early stages. No complex motions or issues are before the Court presently. To date, Garde has demonstrated that he has the ability to articulate clearly and effectively on his own behalf, and his pleadings reflect an understanding of the law. He may re-file his motion at a later date, if appropriate, but the motion for appointment of counsel is **DENIED** at this time.

## MOTION FOR MEDICAL RELIEF

In his three sentence motion for medical relief, Garde asks the Court to "make the Defendants order an MRI for [Garde's] knee." Defendants interpreted Garde's motion as a motion for preliminary injunction and filed a lengthy response (Doc. 32). The undersigned, based on the brevity of the motion, does not view Garde's motion as a developed request for a preliminary injunction. A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)(emphasis in original). *Accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)(stating that "[a] preliminary injunction is an extraordinary remedy never awarded as of right")(citation omitted). To secure a preliminary injunction, the movant must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm without the injunction, (3) that the harm he would suffer is greater than the harm a preliminary injunction would inflict on defendants, and (4) that the injunction is in the

public interest. *See Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010)(citing *Winter*, 555 U.S. at 20).

Here, Garde's motion is brief and phrased largely in the form of a question. The motion is plainly insufficient to carry his burden of making a clear showing that he is entitled to relief under the preliminary injunction standard. Even construing Garde's *pro se* pleading liberally, it is not clear that he intended to file a motion for preliminary injunction, and the undersigned will not construe his simple request as such a motion at this time. The Court is not inclined to order medical treatment without a sufficient showing of the need to do so. As such, the Court **DENIES** the motion for medical relief. To the extent that Garde was attempting to secure injunctive relief, he may re-file his motion in the future with more detailed information that makes a clearer showing of his entitlement to the relief he seeks.

### MOTION TO APPOINT EXPERT WITNESS

Finally, Garde asks the Court to appoint an expert witness pursuant to Federal Rule of Evidence 706(a). Rule 706 allows appointment of a neutral expert witness if the Court determines that such an expert is necessary to help the trier-of-fact understand complex information. *See Kennedy v. Huibregtse*, 831 F.3d 441, 443 (7th Cir. 2016); *Ledford v. Sullivan*, 105 F.3d 354, 358-359 (7th Cir. 1997). An expert appointed pursuant to Rule 706(a) can help sort through conflicting evidence, but an expert need not be appointed for a party's own benefit or to explain symptoms that can be understood by a layperson. *Id. See also Turner v. Cox*, 569 Fed. Appx. 463, 468 (7th Cir. 2014). Deliberate indifference claims generally do not involve issues so

complex as to warrant the appointment by the Court of a neutral expert. *See Ledford*, 105 F.3d at 358-359. At this early stage of litigation, there is nothing to suggest that Garde's claims will require the assistance of a neutral expert in order for a trier-of-fact to understand the complexity of the issues in this case. As such, the motion for appointment of an expert witness is **DENIED**.

## CONCLUSION

For the above-stated reasons, Plaintiff Jacob Garde's motion for appointment of counsel (Doc. 28), motion for medical relief (Doc. 29) and motion to appoint expert witness (Doc. 33) are **DENIED**. To the extent that Garde seeks preliminary injunctive relief, he may file a more detailed motion for relief.

**IT IS SO ORDERED.**

Dated: July 25, 2019.

_____
GILBERT C. SISON
United States Magistrate Judge